**FILED**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### Oakland Venue

JAN 0 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### *(Probation Form 49, Waiver of Hearings is Attached)*

**Name of Offender**
David DeRuiter

**Docket Number**
CR 04-40145-01 DLJ

**Name of Sentencing Judge:**    The Honorable D. Lowell Jensen
Senior United States District Judge

**Date of Original Sentence:**    January 13, 2006

**Original Offense**
Count One: Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), a Class C Felony
Count Two: Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), a Class C Felony
Count Three: Transporting Materials Involving the Sexual Exploitation of Minors, 18 U.S.C. §
2252(a)(1) and (b)(1), a Class C Felony

**Original Sentence:** 100 months custody to run concurrently, and 10 years supervised release
**Special Conditions:** No access to computer with "on-line computer service" to include Internet
service provider, bulletin board system, or other public or private computer network; not possess
or use any data encryption technique or program; refrain from accessing via computer any
"material" related to activity engaged in committing the instant offense, namely chat rooms, new
groups, and pornographic images and/or web sites that offer pornography; maintain daily log of
all addresses accessed via personal computer other than for authorized employment; provide all
personal/business phone records upon request and provide authorization for record of all
outgoing or incoming phone calls; not possess or use any computer but for employment and/or
education without approval; consent to third party employer or potential employer disclosure
concerning any computer-related restrictions; special assessment $300; fine $15,000; provide
access to financial information; no new lines of credit or debt; mental health treatment; register
as a sex offender pursuant to state law; search; no contact with victims or minor under the age of
18; not be in the vicinity of a school; not own or possess any firearms, ammunition, destructive
devices, or other dangerous weapons; and DNA collection.

**Type of Supervision**
Supervised Release
**Assistant U.S. Attorney**
Merry Jean Chan

**Date Supervision Commenced**
November 21, 2011
**Defense Counsel**
Laurel Headley (Retained)

NDC-SUPV-FORM 12B(1) 02/26/10

**RE:**   De Ruiter, David John                                                                                2
CR 04-40145-1 DLJ

---

### Petitioning the Court

To modify the conditions of probation as follows:

1. If approved to use a computer, the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's computer use.

2. The defendant shall not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).

3. The defendant's residence shall be approved by the probation officer, and any change in residence must be pre-approved by the probation officer. The defendant shall submit the address of any proposed residence to the probation officer at least 10 days prior to any schedule change.

4. The defendant shall participate in sex offender-specific treatment, as directed by the probation officer. This treatment may include polygraph or other psychological or physiological testing. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co-payment schedule shall be determined by the probation officer.

### Cause

Mr. DeRuiter released from custody on November 21, 2011, and assumed residence in Santa Rosa, California. When reviewing his conditions of release with him, the undersigned officer realized that at the time of sentencing, the probation office requested, and the Court imposed, a "general mental health" treatment condition, and not a "sex offender-specific" treatment condition. It is noted that this sentencing occurred during a period of time when there was no clear guidance from the Court as to specific wording regarding special conditions for offender's convicted of sex-related offenses. As a result, the Court imposed general mental health treatment conditions for offenders convicted of sex-related offenses. Since that time, the Court has adopted more specific treatment conditions for sex offenders.

Additionally, with the advancement of technology additional computer related conditions have been implemented for individuals convicted of sex related offenses.

Based on the nature of Mr. DeRuiter's convictions it is recommended that the Court consider the above modifications, which the offender has agreed to by way of the attached signed waiver.

**RE:**    De Ruiter, David John                                                                3
CR 04-40145-1 DLJ

Respectfully submitted,                          Reviewed by:

*Christine Butera-Ortiz*                          *Marlana R. Peter*
Christine Butera-Ortiz                            Marlana R. Peter
U.S. Probation Officer                            Supervisory U.S. Probation Officer
Date Signed: December 19, 2011

---

THE COURT ORDERS:

☑ To modify the conditions of probation as follows:

1.  If approved to use a computer, the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection.  The defendant shall also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's computer use.

2. The defendant shall not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).

3. The defendant's residence shall be approved by the probation officer, and any change in residence must be pre-approved by the probation officer.  The defendant shall submit the address of any proposed residence to the probation officer at least 10 days prior to any schedule change.

4.  The defendant shall participate in sex offender-specific treatment, as directed by the probation officer.   This treatment may include polygraph or other psychological or physiological testing. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co-payment schedule shall be determined by the probation officer.

☐  Submit a request for a warrant
☐  Submit a request for summons
☐  Other:

_____                          _____
        Jan 5, 2012                               D. Lowell Jensen
Date                                              Senior United States District Judge

NDC-PROB 49 02/01/05

# UNITED STATES DISTRICT COURT

for

## NORTHERN DISTRICT OF CALIFORNIA

Defendant Name: David J. De Ruiter

Docket No.: CR 04-40145-1 DLJ

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term Of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel", I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. That if approved to use a computer, the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's computer use.

2. The defendant shall not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child;or any materials described at 18 U.S.C. § 2256(8).

☑ *continued on next page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct and that this declaration was executed on the date indicated at  Santa Rosa

Signed: _____   Date: _11 - 23 - 11_
   Probationer or Supervised Releasee

Witness: _____   Date: 11-23-11
   Christine Butera-Ortiz
   U.S. Probation Officer

**PROB 49**

Defendant Name: David J. De Ruiter
Docket No.: CR 04-40145-1 DLJ

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extent Term Of Supervision
*(continued)*

3.  The defendant's residence shall be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change.

4.  The defendant shall participate in sex offender-specific treatment, as directed by the probation officer. This treatment may include polygraph or other psychological or physiological testing. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co-payment schedule shall be determined by the probation officer.